UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

      Plaintiff,

  v.                                            Case No. 14-cv-1572

ROBERTA GAITHER, et al.

      Defendants.

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. (Docket #1.) He also filed a petition to proceed in forma pauperis, which he then followed with a request that I waive the assessed initial partial filing fee of $1.16. (Docket #2, 8.) On February 10, 2015, I granted plaintiff's request to waive the initial partial filing fee. (Docket #9.) This matter is currently before me on plaintiff's motion to proceed in forma pauperis and for screening of plaintiff's complaint.

I will grant plaintiff's motion to proceed in forma pauperis; however, I will deny the additional request in that motion that "all legal loan negative balances [be] expunged/removed off [his] institution account." (Docket #2, p.2.)

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

2

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is currently incarcerated in the Oshkosh Correctional Institution (OSCI), although he clarifies "the violation of [his] United States Constitutional Rights giving rise to this complaint did not take place in [OSCI]" but occurred while he was out on parole. (Docket #1, p. 1.) He is suing an agent, agent supervisor, and the regional chief of the Wisconsin probation and parole board.

Plaintiff states that he was convicted in 2006 of first degree sexual assault of a child and released from prison in November 2010. Although not explicit in plaintiff's complaint, it is apparent from his allegations and the identity of the defendants that plaintiff was released on parole. He states that there were "a lot of rules that [he] was obligated to

3

follow due to the bad decision [he] made." (Id. at 2.) In particular, plaintiff was prohibited from using a smart phone, the internet, or social media.

Plaintiff claims that he has "been locked up approximately 4 different occassions [sic] because [he] had in [his] possession a smart phone with a camera on it." (Id. at 3). He alleges that the "defendants et al. herein have been continuously infringing on [his] 14th Amendment, United States Constitutional Right . . . ."

While plaintiff's exact claim is not clear from his complaint, it appears that plaintiff is challenging the prohibition against him using a smart phone, the internet, or social media while on parole. To the extent plaintiff seeks to challenge the conditions of his parole, plaintiff should not have brought his challenge under § 1983, but should have presented it in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The difference between a civil rights action and a collateral attack can be difficult to grasp in the parole context. The key point is that the conditions of one's parole <u>are</u> the confinement because it is these conditions that distinguish parole from freedom. <u>Williams v. Wisconsin</u>, 336 F.3d 576, 579 (7th Cir. 2003). Eliminating or changing one of the conditions alters the confinement; thus, an attack on those conditions is a collateral attack on the confinement itself and can be pursued only via a petition for a writ of habeas corpus. Further, if a violation of this particular condition was the reason for revoking plaintiff's parole, an attack on the condition is a collateral attack on his current confinement and must be pursued via a petition for a writ of habeas corpus. Accordingly, I will dismiss plaintiff's complaint without prejudice to allow plaintiff, if he so chooses, to properly present his claim in the form of a petition for a writ of habeas corpus.

4

It is possible that plaintiff is not challenging a condition of his parole but is actually challenging defendants' decision to revoke his parole and/or deny his grievances in connection with the revocation of his parole, a claim that is properly brought under § 1983. However, such a claim would fail and would be dismissed with prejudice (with plaintiff incurring a strike) because defendants are entitled to absolute immunity in connection with their revocation decisions and the activities that are necessarily connected with the revocation procedures. *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (citing *Walrath v. United States,* 35 F.3d 277, 281 (7th Cir. 1994) and *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984) and holding "not only the actual decision to revoke parole, but also the activities that are part and parcel of the decision process justify absolute immunity") (citations and internal quotations omitted). Accordingly, I will assume this is not the claim that plaintiff purports to bring.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff, if he so chooses, may present his claim in a petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge